UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

LAMONDRE MOORE,

                Plaintiff,

v.

WARDEN DANIEL CROMWELL,
SECURITY DIRECTOR JOHN
CONGDON, CAPTAIN CHAD
KELLER, LIEUTENANT BUTCH
DODD, LIEUTENANT RODENSAL,
C.O. RICE, and C.O. HELMUTH,

                Defendants.

Case No. 22-CV-986-JPS

**ORDER**

      Plaintiff Lamondre Moore, an inmate confined at Redgranite Correctional Institution, filed a pro se complaint under 42 U.S.C. § 1983 alleging that the defendants violated his constitutional rights and the Americans with Disabilities Act ("ADA"). ECF No. 1. On September 6, 2022, Plaintiff filed a partial motion to proceed without prepayment of the filing fee. ECF No. 4. On September 19, 2022, that motion became moot when Plaintiff paid the remainder of the filing fee. This Order screens Plaintiff's complaint.

**1.    FEDERAL SCREENING STANDARD**

      Under the PLRA, the Court must screen complaints brought by prisoners seeking relief from a governmental entity or an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint if the prisoner raises claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or

that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

In determining whether the complaint states a claim, the Court applies the same standard that applies to dismissals under Federal Rule of Civil Procedure 12(b)(6). *See Cesal v. Moats*, 851 F.3d 714, 720 (7th Cir. 2017) (citing *Booker-El v. Superintendent, Ind. State Prison*, 668 F.3d 896, 899 (7th Cir. 2012)). A complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The complaint must contain enough facts, accepted as true, to "state a claim for relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows a court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556).

To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege that someone deprived him of a right secured by the Constitution or the laws of the United States and that whoever deprived him of this right was acting under the color of state law. *D.S. v. E. Porter Cnty. Sch. Corp.*, 799 F.3d 793, 798 (7th Cir. 2015) (citing *Buchanan–Moore v. County of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009)). The Court construes pro se complaints liberally and holds them to a less stringent standard than pleadings drafted by lawyers. *Cesal*, 851 F.3d at 720 (citing *Perez v. Fenoglio*, 792 F.3d 768, 776 (7th Cir. 2015)).

2. **PLAINTIFF'S ALLEGATIONS**

Plaintiff names as defendants Warden Daniel Cromwell ("Cromwell"), Security Director John Congdon ("Congdon"), Captain Chad Keller ("Keller"), Lieutenant Butch Dodd ("Dodd"), Lieutenant

Rodensal ("Rodensal"), Correctional Officer Rice ("Rice") and Correctional Officer Helmuth ("Helmuth"), who are employed at Redgranite Correctional Institution ("RCI"). ECF No. 1. at 1. Plaintiff claims that Defendants violated his rights by not providing him with medical shoes and a medical mattress when he was allowed to have them in the Restricted Housing Unit ("RHU"). *Id.* at 2. Plaintiff explained this to all the defendants and they did nothing to accommodate his medical needs.

On July 12, 2022, when Plaintiff was brought to RHU, Rodensal told Rice that Plaintiff could not keep his medical shoes even though it was documented he could have them. *Id.* Rice took the shoes and placed them in Plaintiff's property. *Id.* Plaintiff also told Sergeant Nellson, but he told Plaintiff that it was out of his control and Plaintiff's property was removed from RHU. *Id.* Plaintiff had someone help him write to Cromwell and Congdon but they never contacted Plaintiff back. *Id.* Sergeant Ralls told Plaintiff that Cromwell and Congdon told Keller and Butch to take all of Plaintiff's property to the Captain's suite. Before they took Plaintiff's property, they instructed staff in RHU not to give Plaintiff any of his property. *Id.* at 3. Following that, it took Plaintiff seven days to receive his medical mattress and twenty-two days to receive his medical shoes. *Id.*

Plaintiff is disabled due to burns on over 90% of his body from a house fire when he was four years old. *Id.* Plaintiff suffers from skin issues, no mobility in his left leg, no fingers, no ears, and his left foot and ankle have no movement at all. *Id.* Plaintiff requires a special type of shoe to walk that he received as a result of a court order. *Id.* Plaintiff requires a medical mattress so that his wounds do not open up.

On July 18, 2022, one of Plaintiff's wounds opened as a result of not having his medical mattress. *Id.* On July 22, 2022, Plaintiff fell in the

Page 3 of 10
Case 2:22-cv-00986-JPS    Filed 03/15/23    Page 3 of 10    Document 6

infirmary cell and he hurt his back, hip, and neck very badly from the fall on the concrete floor. *Id.* Plaintiff fell because he was not provided with his medical shoes. *Id.* Plaintiff was additionally not provided with other accommodations he needed, including a sock aid, power toothbrush shower foot scrubber, back scrubber, and his power razor. *Id.* All of these items were through the ADA, federal courts, and the special needs committee at RCI. *Id.* Plaintiff alleges that, as a result of being denied these accommodations, he could not brush his teeth, put on his socks, wash his feet, shave, walk, or sleep. *Id.* at 4.

3.   **ANALYSIS**

First, Plaintiff may proceed on an Eighth Amendment deliberate-indifference claim against Cromwell, Congdon, Keller, Dodd, Rodensal Rice, and Helmuth for their indifference to Plaintiff's serious medical need. The Eighth Amendment secures an inmate's right to medical care. Prison officials violate this right when they "display deliberate indifference to serious medical needs of prisoners." *Greeno v. Daley*, 414 F.3d 645, 652 (7th Cir. 2005) (internal quotation omitted). Deliberate indifference claims contain both an objective and a subjective component: the inmate "must first establish that his medical condition is objectively, 'sufficiently serious,'; and second, that prison officials acted with a 'sufficiently culpable state of mind,' i.e., that they both knew of and disregarded an excessive risk to inmate health." *Lewis v. McLean*, 864 F.3d 556, 562–63 (7th Cir. 2017) (quoting *Farmer v. Brennan*, 511 U.S. 825, 834 (1994) (internal citations omitted)). "A delay in treating non-life-threatening but painful conditions may constitute deliberate indifference if the delay exacerbated the injury or unnecessarily prolonged an inmate's pain." *Arnett v. Webster*, 658 F.3d 742, 753 (7th Cir. 2011) (citing *McGowan v. Hulick*, 612 F.3d 636, 640 (7th Cir.

2010)). The length of delay that is tolerable "'depends on the seriousness of the condition and the ease of providing treatment.'" *Id.* (quoting *McGowan*, 612 F.3d at 640).

Plaintiff alleges that he had serious medical issues requiring him to have medical shoes and a medical mattress. He alleges that these defendants all knew of his medical need for these items and denied him access anyway. As a result of this denial, Plaintiff's wounds opened and he fell and badly injured himself. At the pleadings stage, the Court finds that Plaintiff's allegations sufficiently state an Eighth Amendment deliberate-indifference claim to a serious medical need against Cromwell, Congdon, Keller, Dodd, Rodensal Rice, and Helmuth.

Second, Plaintiff may proceed on ADA and RA claims. Title II of the Americans with Disabilities Act (ADA) "prohibits a 'public entity' from discriminating against a 'qualified individual with a disability' on account of that disability" and applies to state prisons. *Pa. Dep't of Corr. v. Yeskey*, 524 U.S. 206, 206 (1998) (quoting 42 U.S.C. § 12132). To establish an ADA claim, "the plaintiff must prove that he is a 'qualified individual with a disability,' that he was denied 'the benefits of the services, programs, or activities of a public entity' or otherwise subjected to discrimination by such an entity, and that the denial or discrimination was 'by reason of' his disability.'" *Love v. Westville Corr. Ctr.*, 103 F.3d 558, 560 (7th Cir. 1996) (quoting 42 U.S.C. § 12132). Analysis under the Rehabilitation Act (RA), 29 U.S.C. § 794, is essentially the same except that the RA includes an additional element requiring that the entity denying access receive federal funds. *See Jaros v. Ill. Dep't of Corr.*, 684 F.3d 667, 671–72 (7th Cir. 2012); *Wagoner v. Lemmon*, 778 F.3d 586, 592 (7th Cir. 2015) (ADA and RA standards are "functionally identical").

"[B]ecause the ADA addresses its rules to employers, places of public accommodation, and other organizations, not to the employees or managers of these organizations," a plaintiff may not sue defendants in their individual capacities – the proper defendant is the organization, or the individual in his or her official capacity. *Walker v. Snyder*, 213 F.3d 344, 346 (7th Cir. 2000) (overruled on other grounds). Like the ADA, the RA has been interpreted to preclude suits against officials in their individual capacities. *See Boston v. Dart*, 2015 WL 4638044, at *2 (N.D. Ill. Aug. 4, 2015) (citing *Stanek v. St. Charles Cmty. Unit Sch. Dist. No. 303*, 783 F.3d 624, 644 (7th Cir. 2015)).

> The term "qualified individual with a disability" means,
>
> an individual with a disability who, with or without reasonable modifications to rules, policies, or practices, the removal of architectural, communication, or transportation barriers, or the provision of auxiliary aids and services, meets the essential eligibility requirements for the receipt of services or the participation in programs or activities provided by a public entity.

42 U.S.C. §12131. The term "disability" means "a physical or mental impairment that substantially limits one or more major life activities." 42 U.S.C. § 12102(1)(A). Major life activities include, but are not limited to "caring for oneself, performing manual tasks, seeing, hearing, eating, sleeping, walking, standing, lifting, bending, speaking, breathing, learning, reading, concentrating, thinking, communicating, and working." 42 U.S.C. § 12102(2)(A). Based on these definitions, Plaintiff's skin condition, and his resulting mobility issues, meet the requirement that he allege he is a qualified individual with a disability. *See Jaros*, 684 F.3d at 672 (plaintiff who had severe hip pain and trouble walking was a qualified

individual with a disability under the ADA); *see also Everett v. Baldwin*, 2016 WL 8711476, at *8 (N.D. Ill. Jan. 15, 2016) (prisoner who, as a result of knee injury and resulting pain, could not stand upright or walk, and had to crawl up and down stairs and sleep on the floor, was a qualified individual with a disability). Plaintiff has also sufficiently alleged that his access to programs or activities was denied because of his disability. Plaintiff alleges that, as a result of being denied these accommodations, he could not brush his teeth, put on his socks, wash his feet, shave, walk, or sleep. This states a plausible claim at the pleading stage. *See Jaros*, 684 F.3d at 672 (inmate stated claim where alleged refusal to accommodate back injury and inability to walk kept prisoners from accessing meals and shower s on the same basis as other inmates). As such, the Court finds that Plaintiff sufficiently states ADA and RA claims and that Plaintiff may proceed on these claims against Warden Cromwell in his official capacity.

4. **CONCLUSION**

In light of the foregoing, the Court finds that Plaintiff may proceed on the following claims pursuant to 28 U.S.C. § 1915A(b):

**Claim One:** Eighth Amendment deliberate-indifference claim to Plaintiff's serious medical needs against Defendants Cromwell, Congdon, Keller, Dodd, Rodensal Rice, and Helmuth in their individual capacities.

**Claim Two:** ADA claim against Cromwell in his official capacity.

**Claim Three:** RA claim against Cromwell in his official capacity.

The Court has enclosed with this Order guides prepared by court staff to address common questions that arise in cases filed by prisoners. These guides are entitled, "Answers to Prisoner Litigants' Common Questions" and "Answers to Pro Se Litigants' Common Questions." They contain information that Plaintiff may find useful in prosecuting his case.

Page 7 of 10
Case 2:22-cv-00986-JPS   Filed 03/15/23   Page 7 of 10   Document 6

Defendants should take note that, within forty-five (45) days of service of this Order, they are to file a summary judgment motion that raises all exhaustion-related challenges. The Court will issue a scheduling order at a later date that embodies other relevant deadlines.

Accordingly,

**IT IS ORDERED** that Plaintiff's motion for leave to proceed without prepaying the filing fee, ECF No. 4, be and the same is hereby **DENIED as moot**;

**IT IS FURTHER ORDERED** that under an informal service agreement between the Wisconsin Department of Justice and this Court, a copy of the complaint and this Order have been electronically transmitted to the Wisconsin Department of Justice for service on Defendants Cromwell, Congdon, Keller, Dodd, Rodensal Rice, and Helmuth;

**IT IS FURTHER ORDERED** that under the informal service agreement, those Defendants shall file a responsive pleading to the complaint within sixty (60) days;

**IT IS FURTHER ORDERED** that Defendants raise any exhaustion-related challenges by filing a motion for summary judgment within forty-five (45) days of service;

**IT IS FURTHER ORDERED** if Defendants contemplate a motion to dismiss, the parties must meet and confer before the motion is filed. Defendants should take care to explain the reasons why they intend to move to dismiss the complaint, and Plaintiff should strongly consider filing an amended complaint. The Court expects this exercise in efficiency will obviate the need to file most motions to dismiss. Indeed, when the Court grants a motion to dismiss, it typically grants leave to amend unless it is "certain from the face of the complaint that any amendment would be futile

or otherwise unwarranted." *Harris v. Meisner*, No. 20-2650, 2021 WL 5563942, at *2 (7th Cir. Nov. 29, 2021) (quoting *Runnion ex rel. Runnion v. Girl Scouts of Greater Chi. & Nw. Ind.*, 786 F.3d 510, 524 (7th Cir. 2015)). Therefore, it is in both parties' interest to discuss the matter prior to motion submissions. Briefs in support of, or opposition to, motions to dismiss should cite no more than ten (10) cases per claim. No string citations will be accepted. If Defendants file a motion to dismiss, Plaintiff is hereby warned that he must file a response, in accordance with Civil Local Rule 7 (E.D. Wis.), or he may be deemed to have waived any argument against dismissal and face dismissal of this matter with prejudice; and

**IT IS FURTHER ORDERED** that the Clerk's Office mail Plaintiff a copy of the guides entitled "Answers to Prisoner Litigants' Common Questions" and "Answers to Pro Se Litigants' Common Questions," along with this Order.

Dated at Milwaukee, Wisconsin, this 15th day of March, 2023.

BY THE COURT:

_____
J. P. Stadtmueller
U.S. District Judge

Plaintiffs who are inmates at Prisoner E-Filing Program institutions shall submit all correspondence and case filings to institution staff, who will scan and e-mail documents to the Court. Prisoner E-Filing is mandatory for all inmates at Columbia Correctional Institution, Dodge Correctional Institution, Green Bay Correctional Institution, Oshkosh Correctional Institution, Waupun Correctional Institution, and Wisconsin Secure Program Facility.

Plaintiffs who are inmates at all other prison facilities, or who have been released from custody, will be required to submit all correspondence and legal material to:

>Office of the Clerk
>United States District Court
>Eastern District of Wisconsin
>362 United States Courthouse
>517 E. Wisconsin Avenue
>Milwaukee, Wisconsin 53202

**DO NOT MAIL ANYTHING DIRECTLY TO THE COURT'S CHAMBERS**. If mail is received directly to the Court's chambers, **IT WILL BE RETURNED TO SENDER AND WILL NOT BE FILED IN THE CASE**.

Plaintiff is further advised that failure to timely file any brief, motion, response, or reply may result in the dismissal of this action for failure to prosecute. In addition, the parties must notify the Clerk of Court of any change of address. **IF PLAINTIFF FAILS TO PROVIDE AN UPDATED ADDRESS TO THE COURT AND MAIL IS RETURNED TO THE COURT AS UNDELIVERABLE, THE COURT WILL DISMISS THIS ACTION WITHOUT PREJUDICE**.